IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENITO JULIAN LUNA,

    Petitioner,               No. CIV S-04-0627 FCD GGH P

    vs.

SCOTT KERNAN,

    Respondent.          <u>ORDER</u>

_____/

       Petitioner is a state prisoner proceeding with appointed counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

       On September 14, 2004, the undersigned granted petitioner's motion to voluntarily dismiss this case without prejudice.[1] On June 3, 2011, petitioner filed a first amended petition for writ of habeas corpus. Petitioner indicates that he returned to state court to exhaust additional claims, however it appears that those claims were exhausted when the California Supreme Court denied a petition on July 18, 2007. It is not clear what has transpired in the four years since the California Supreme Court denied the petition, or why petitioner waited to re-file in federal court. The court ordered petitioner to show cause why the petition should not be

---

[1] Respondent has never been served with this petition.

1

dismissed for being filed beyond the one year statute of limitations.[2]

Petitioner's appointed counsel responded to the order to show cause has requested a 45 day extension for the Federal Defender to appoint new counsel. The order to show cause is discharged and the 45 day extension is granted. However, while the Federal Defender may appoint new counsel, also within 45 days a status report must be filed describing how this case will proceed.

Accordingly, IT IS HEREBY ORDERED that

1. The order to show cause is discharged;

2. Forty-five days will be granted for the Federal Defender to appoint new counsel, and also within 45 days a status report must be filed describing how this case will proceed.

DATED: June 30, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
luna0627.ord

---

[2] A dismissal without prejudice is treated for limitations purposes as if the case had never been filed, Henry v. Lundgren, 164 F.3d 1240, 1241 (9th Cir. 1999), i.e., there is no filing to which the later filed habeas petition can relate back.