IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENITO JULIAN LUNA,

    Petitioner,                                  No. CIV S-04-0627 KJM GGH P

    vs.

SCOTT KERNAN,

    Respondent.                              FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding with appointed counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's December 6, 2011, motion to dismiss on the grounds that this action is barred by the statute of limitations. Doc. 32. A hearing was held before the undersigned on April 12, 2012. Barry Morris appeared for petitioner and Jamie Scheidegger appeared for respondent.

        The issue here involves the seeking of equitable tolling of the AEDPA statute of limitations on account of alleged attorney gross negligence. The specific issue of note within this larger issue concerns the time period in which the grossly negligent acts occur – before or after the expiration of the AEDPA limitations period. For the reasons that follow, the undersigned finds that all of the grossly negligent actions took place after expiration of the limitations period

1

even though negligent actions took place before.

II. Procedural History

This case has a complicated history that is pertinent to the instant motion. Petitioner, proceeding pro se, filed an original federal habeas petition on March 29, 2004, which was timely under federal law. The petition included one exhausted claim and several unexhausted claims. On May 6, 2004, the undersigned appointed the Federal Defender to represent petitioner and Joseph Wiseman, a panel attorney was assigned. On July 15, 2004, a scheduling conference was held and petitioner and Mr.Wiseman agreed to stay and abey the petition in order to exhaust further claims. Doc. 8. Respondent's counsel, Jamie Scheidegger was also present at this conference. Id. The undersigned instructed counsel to file information relating to exhaustion in 30 days, id , i.e., an exhausted claims only petition or a decision not to exhaust. On August 12, 2004, rather than seek to stay the matter, Mr. Wiseman filed a motion to dismiss the petition without prejudice so he could exhaust further claims and then return to this court with an amended petition. Docs. 10, 11.[1] On September 14, 2004, the undersigned memorialized the self-executing dismissal without prejudice. Doc. 13; see Fed. R. Civ. P 41 (a)(1) (i). On June 3, 2011, *nearly seven years later*, an amended petition was filed. Doc. 15. Concerned about the lapse in time between filings and that the California Supreme Court denied the final state petition in 2007, the undersigned ordered petitioner to show cause why the case should not be dismissed for being untimely. Mr. Wiseman indicated that another attorney should be appointed to represent petitioner, as petitioner may fault Mr. Wiseman's representation.

Barry Morris was then appointed as attorney for petitioner and received the case file from Mr. Wiseman. After reviewing the case file, Mr. Wiseman suggested that respondent be served with the petition, as the best way to approach the statue of limitations issue would involve a motion to dismiss being raised by respondent. Respondent was served and filed the

---

[1] Due to the age of this case some early docket entries are not available on the court's electronic docket and must be viewed in the court file.

instant motion to dismiss.

III. Motion to Dismiss

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was convicted of first degree murder and attempted robbery. Lodged Document (Lod. Doc.) 1. On January 25, 2002, petitioner was sentenced to an indeterminate prison term of life without the possibility of parole. Id. On July 23, 2003, the California Court of Appeal affirmed the judgment. Lod. Doc. 2. The California Supreme Court denied review on October 1, 2003. Lod. Docs. 3, 4. Petitioner's conviction became final 90 days later, on December 30, 2003, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). Time began to run the next day, on December 31, 2003. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner had one year, that is, until December 30, 2004, to file a timely federal petition, absent applicable tolling. While petitioner filed the original petition on March 29, 2004, that petition

\\\\\

was dismissed without prejudice[2], and the first amended petition filed on June 3, 2011, is not timely unless petitioner is entitled to statutory or equitable tolling.

Petitioner filed three state post-conviction collateral actions:

1. April 1, 2004: First habeas petition filed in Sacramento County Superior Court, by petitioner pro se. Lod. Doc. 5. The petition was denied on May 6, 2004, in a reasoned opinion. Lod. Doc. 6.

2. September 28, 2004: Second petition filed in the California Court of Appeal. Lod. Doc. 7. The petition was denied on October 7, 2004, with a citation to People v. Duvall, 9 Cal.4th 464, 474 (1995). Lod. Doc. 8.

3. February 28, 2007: Third habeas petition filed in the California Supreme Court. Lod. Doc. 9. The petition was denied on July 18, 2007, with a citation to See In re Robbins, 18 Cal.4th 770, 780 (1998). Lod. Doc. 10.

Petitioner filed the instant petition on June 3, 2011.

Statutory Tolling

Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling"). See Evans v. Chavis, 546 U.S. 189, 193-94, 126 S.Ct. 846 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings. Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S.Ct. 1807 (2005). "[T]ime limits, no matter their form, are 'filing' conditions." Pace v. DiGuglielmo, 544 U.S. at 417. "When a post-conviction petition is

---

[2] A dismissal without prejudice is treated for limitations purposes as if the case had never been filed, Henry v. Lundgren, 164 F.3d 1240, 1241 (9th Cir. 1999), i.e., there is no filing to which the later filed habeas petition can relate back.

4

untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414. Under such circumstances, the petitioner is not entitled to statutory tolling. Id. at 417.

Respondent concedes that petitioner is entitled to statutory tolling while the first petition was pending with the Sacramento Superior Court, 36 days.[3] Therefore, the new deadline to file a federal petition was February 4, 2005.

Petitioner waited 144 days until September 28, 2004, to file the next petition in the California Court of Appeal. Petitioner is not entitled to statutory tolling for the delay in the filing. See Evans v. Chavis, 546 U.S. 189, 201, 129 S.Ct. 846 (2006); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (115 day delay between habeas filings not entitled to gap tolling); see also Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (amending 417 F.3d 1030 (9th Cir. 2005) (petitioner not entitled to "gap" tolling for intervals between California state habeas filings of 15 months, 18 months, and 10 months, given length of delays, lack of clear statement from California legislature or courts that delays of such length were reasonable, and lack of explanation or justification for delays)); Culver v. Director of Corrections, 450 F.Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (unexplained, unjustified delays of 97 and 71 days between the denial of one state petition and the filing of the next petition constituted unreasonable delays such that the intervals cannot be tolled under Chavis). Respondent does not object to petitioner receiving tolling during the pendency of the second petition, so petitioner will receive another 10 days of tolling. Therefore the new date to timely file a federal petition was approximately February 14, 2005.

The final state petition was filed in the California Supreme Court on February 28, 2007, and was denied with a citation to See In re Robbins, 18 Cal.4th 770, 780 (1998), on July 18, 2007. Petitioner will not receive tolling for the nearly two and a half year delay between the

---

[3] This petition was denied with a citation to People v. Duvall, 9 Cal.4th 464, 474 (1995). The undersigned does not believe this denial would preclude petitioner from the tolling during the pendency of that petition, nor does respondent present that argument. See Cross v. Sisto, __F.3d__, 2012 WL 1322029 (9th Cir. 2012).

5

decision of the California Court of Appeal and the filing in the California Supreme Court. See Evans. Nor will petitioner receive tolling while the petition was pending with the California Supreme Court. The California Supreme Court citation to In re Robbins indicates that the state court petition was untimely under state law and therefore the petition was not properly filed. Petitioner will not receive tolling for the interval or while the petition was pending. See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (a petition denied as untimely is not properly filed and cannot toll the limitations period); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (a California court's citation to Robbins, 18 Cal.4th at 780, 77 Cal.Rptr.2d 153, 959 P.2d 311, is a "clear ruling" of untimeliness).

Thus, the instant petition is well beyond the February 14, 2005, deadline and is untimely absent equitable tolling. Petitioner argues he is entitled to equitable tolling based on the extraordinary circumstances with respect to Mr. Wiseman's representation.

Equitable Tolling

Legal Standard

The Supreme Court has fairly recently held "like all 11 Courts of Appeals that have considered the question...that § 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (the Ninth Circuit case cited in Holland, supra), overruled on other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

\\\\\

Equitable tolling will not be available in most cases because tolling should only be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time. Beeler, 128 F.3d at 1288-89. As held in Beeler, "[w]e have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289. "Mere excusable neglect" is insufficient as an extraordinary circumstance. Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998). Moreover, the Ninth Circuit has held that claims of ignorance of the law and illiteracy do not constitute such extraordinary circumstances and are insufficient to justify equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Hughes v. Idaho State Bd. of Corrections, supra, 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural default).

The reason put forth for equitable tolling in this case – an attorney's malfeasance is subject to two rules: Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculation of limitations period "and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling"); Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003) (sufficiently egregious misconduct by counsel, such as wholly deficient performance, may justify equitable tolling).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 12 S. Ct. 1807, 1814 (2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition). "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary*

circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest the exceptions swallow the rule."  Id.

The key rule which is dispositively at issue here is causation.  A ground for equitable tolling in the abstract is insufficient; the factor beyond a prisoner's control must actually have *caused* missing a timely filing.  Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (quoting Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003), where "'we reiterated the causation requirement recognized in our equitable tolling cases, holding that where a habeas petitioner can show "mental incompetence *in fact* caused him to fail to meet the AEDPA filing deadline,'" [equitable tolling can occur] (emphasis in original).

Background[4]

AEDPA Time Period

Petitioner, pro se, filed a habeas petition in this court, on March 29, 2004, approximately 89 days into the 1 year ADEPA statute of limitations.  That petition included one exhausted claim, regarding his confession, and several unexhausted claims.[5]  Doc. 1.  Mr. Wiseman was formally appointed on June 3, 2004.  Doc. 7.  On July 15, 2004, in a scheduling conference, petitioner and Mr. Wiseman indicated they agreed to stay and abey the case to exhaust the remaining claims.  Doc. 8.  However, on August 12, 2004, instead of filing a motion for a stay, Mr. Wiseman filed a motion to dismiss the petition without prejudice.  Docs. 10, 11. Mr. Wiseman, incorrectly stated that all the claims in the petition were unexhausted, when in fact

---

[4] The undersigned was provided, for an in camera review, Mr. Wiseman's entire file. However, only the exhibits attached to petitioner's opposition will be discussed as the remainder of the file does not alter the analysis and need not be addressed.

[5] The petition includes six claims written on the habeas form and then several pages of petitioner's direct state appeal discussing his final exhausted claim regarding a confession.  While the petition is a little confusing it is clear that the several pages from the direct state appeal are presenting a habeas claim petitioner wished to pursue.  Doc. 1.

it was a mixed petition that contained one exhausted claim regarding the confession and approximately six unexhausted claims. Doc. 1. The motion to dismiss without prejudice was automatically granted and the case was dismissed without prejudice. Doc. 13. Also on August 12, 2004, Mr. Wiseman wrote a letter to petitioner informing him that the federal habeas was dismissed without prejudice to exhaust the claims in state court. Opposition, Exh. Vol. II at 85.

Prior to Mr. Wiseman being appointed, petitioner proceeding pro se and apparently aware of the exhaustion and AEDPA rules, filed a habeas petition in Sacramento Superior Court raising the six unexhausted claims. Lod. Doc. 5. This petition was denied on May 6, 2004. Lod. Doc. 6. On September 28, 2004, soon after the federal habeas petition was dismissed without prejudice, Mr. Wiseman filed a state habeas petition raising the six unexhausted claims in the California Court of Appeal. Lod. Doc. 7. That petition was denied on October 7, 2004, with a citation to People v. Duvall, 9 Cal.4th 464, 474 (1995). Lod. Doc. 8. Petitioner received notice of the denial from the California Court of Appeal, and the next day on October 8, 2004, petitioner wrote a letter to Mr. Wiseman indicating the California Court of Appeal had denied the writ, requested a copy of People v. Duvall and inquired about the next step and asked if there was anything petitioner could do himself to help the case. Opposition, Exh. Vol. II at 88. Mr. Wiseman does not appear to have responded to that letter.

On January 18, 2005, petitioner wrote another letter to Mr. Wiseman inquiring about the status of the case and if anything else had been filed. Opposition, Exh. Vol. II at 91. On January 25, 2005, Mr. Wiseman responded that a law clerk had recently finished a draft of a fully exhausted federal petition and he intended to file it shortly. Opposition, Exh. Vol. II at 93. However, a search of Mr. Wiseman's file by petitioner's present attorney did not uncover this petition, nor did Mr. Wiseman submit a CJA request for payment on work for this petition. Opposition at 4-5. Moreover, petitioner's claims had not been presented to the California Supreme Court, so they were not exhausted even if a federal petition had been prepared.

\\\\\

Petitioner wrote again to Mr. Wiseman on February 13, 2005. Opposition, Exh. Vol. II at 104-105. It appears that petitioner was responding to a letter from Mr. Wiseman, but any such letter is not part of the court record. Petitioner asked specific questions about the claims he was waiting to exhaust and regarding a recent Ninth Circuit case that was related. The statute of limitations expired the day after this letter on February 14, 2005.

Post AEDPA Time Period

Petitioner wrote another letter on March 16, 2005, again asking about his case. Opposition, Exh. Vol. II at 106. Mr. Wiseman responded on March 29, 2005, and while not answering any of petitioner's questions said that petitioner could call the office collect to ask any questions. Opposition, Exh. Vol. II at 104-108.

Mr. Wiseman sent petitioner a letter on August 19, 2005, stating that a petition must be filed with the California Supreme Court to fully exhaust petitioner's claims. Opposition, Exh. Vol. II at 109. Petitioner wrote a letter to Mr. Wiseman on November 11, 2005, and while that letter is not part of the court record, it appears that petitioner was asking about the status of the case. Mr. Wiseman sent petitioner a letter in either November or December 2005, and stated that a petition to the California Supreme Court would be ready soon. Opposition, Exh. Vol. II at 110. However, Mr. Wiseman did not file the petition with the California Supreme Court until February 28, 2007, approximately 14 months later. Lod. Doc. 9. Of course the California Court of Appeal denied the prior petition on October 7, 2004. In addition, only two of the six unexhausted claims were raised and eventually denied by the California Supreme Court on July 18, 2007. The final four claims remain unexhausted. Nothing occurred in this case for nearly four years until Mr. Wiseman filed a first amended petition on June 3, 2011, containing the exhausted claims. Doc. 15.

Mr. Wiseman's CJA time sheets indicate no action in 2006, but a letter to petitioner in 2007 that is not part of court record. Opposition, Exh. Vol. II at 99. There was no pertinent action in 2008 or 2009 according to the time sheets, but several letters and phone calls

in 2010 and 2011, none of which are part of the court record. Id., at 99-103.[6]

Anaylsis

1. *Diligence*

In Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2554 (2010), the United States Supreme Court addressed the application of equitable tolling "when a petitioner seeks to excuse a late filing on the basis of his attorney's unprofessional conduct[.]" The Supreme Court clarified in Holland that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Id. at 2565. The petitioner in Holland filed his pro se § 2254 petition five weeks after the expiration of the statute of limitations. The petitioner came forward with evidence that: (1) while his state-court postconviction appeal was pending, his lawyer was nonresponsive to letters requesting an update on the status of the appeal; (2) he wrote letters to his lawyer requesting that he file a timely federal habeas petition as soon as his state court postconviction appeal was affirmed; (3) his lawyer did not inform him when the state postconviction appeal was affirmed and the deadline for filing a federal habeas petition expired; (4) his lawyer apparently failed to research the applicable law to calculate the habeas filing date, despite petitioner's letters identifying the applicable law; and (5) the day after the petitioner learned that his state postconviction had been affirmed, he prepared and mailed a pro se federal habeas petition. Id. at 2555–2559. Petitioner was found to have acted diligently.

Petitioner's facts are somewhat different from those in Holland, but that is what equitable tolling is all about – a case by case analysis. Here petitioner timely commenced his state exhaustion petitions, although he was tardy with the appellate petition. He filed a protective petition in federal court, as encouraged in Pace. He kept in contact with his counsel during the truncated federal proceedings and afterwards. Sadly, it may be the case in hindsight that he may

---

[6] After being relieved as counsel from this case Mr. Wiseman requested $14,402.52 in attorneys' fees. On August 2, 2011, the undersigned declined to consider providing the payment until the statute of limitations issues were resolved. Doc. 19.

have been better off without counsel, but petitioner could not have done more to ensure a timely filing once his attorney was appointed.

 2. *Attorney Misconduct* [7]

In Holland, the district court denied the petition as untimely and declined to apply equitable tolling. The Eleventh Circuit Court of Appeals affirmed, holding that, as a matter of law, "no allegation of lawyer negligence or of failure to meet a lawyer's standard of care—in the absence of an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part—can rise to the level of egregious attorney misconduct that would entitle petitioner to equitable tolling." Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008). The Supreme Court rejected that holding as "overly rigid," and held that while a "garden variety claim of excusable neglect," such as the miscalculation of filing date, does not justify equitable tolling, "serious instances of attorney misconduct" could warrant equitable tolling. Holland, 130 S.Ct. at 2564.

The first issue concerning the second equitable tolling prong is whether Mr. Wiseman's actions were merely negligent or truly egregious, and if the latter, whether this misconduct took place within the AEDPA limitations period so as to *cause* the untimely filing. In looking at Mr. Wiseman's representation over the course of the entire time period from 2004 to 2011, this case demonstrates egregious misconduct. However, the egregious misconduct occurred after the expiration of the statute of limitations. Should an attorney's conduct be proper prior to the AEDPA expiration date, or at least not egregiously faulty, and then become egregious following that date, such a situation would not support an argument for equitable tolling. To obtain equitable tolling, petitioner must show extraordinary circumstances and demonstrate that

---

[7] The undersigned has noted elsewhere the somewhat puzzling tension and dichotomy in the evolution of equitable tolling precedent, whereby equitable tolling is not available to a petitioner whose attorney has been merely negligent, but is available for one who has been subjected to truly egregious attorney conduct, i.e., for limitations purposes, having a terrible attorney is better than having a good attorney who makes an infrequent mistake. But that is the state of the law.

those circumstances caused him to miss the original filing deadline.

In <u>Holland</u>, the Supreme Court in discussing the facts of that case predominately focused on the acts of the attorney and the due diligence of petitioner in the time prior to the expiration of the statute of limitations. While the Court did not make a distinction between these two periods, it is safe to assume the importance of the events prior to the deadline in deciding equitable tolling. <u>See</u> <u>Bills v. Clark</u>, <u>supra</u> holding that an equitable tolling reason must have caused the untimely filing. <u>See</u> <u>also</u> <u>Allen v. Lewis</u>, 255 F.3d 798, 801 (9th Cir. 2001) (identifying no causation to support equitable tolling of twenty-seven-day period occurring eleven months before AEDPA filing deadline); <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2nd Cir. 2000) (explaining need for "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [the] filing").

In the instant case, the undersigned focuses on the misconduct prior to the expiration of the statute of limitations.[8] There were seemingly three errors Mr. Wiseman committed that possibly could be argued as causing petitioner to miss a timely federal filing: 1) dismissing the mixed petition without seeking a stay; 2) failing to file a petition in the California Supreme Court in a reasonable time after the denial by the Court of Appeal[9]; and 3) prior to the deadline, Mr. Wiseman telling petitioner that an exhausted federal petition would soon be filed, when there was no federal petition prepared and the claims had not been exhausted.

Dismissal of Federal Petition

Mr. Wiseman started out fine – he came to court at a scheduling conference and realized that he would have to exhaust other unexhausted claims if he hoped for a ruling on the

---

[8] The undersigned is not looking at the AEDPA expiration date as a bright line border and ignoring the period after. For example, while it was highly prejudicial and improper for Mr. Wiseman to file the federal petition on June 3, 2011, when the California Supreme Court denied the final state petition on July 18, 2007, it is of less importance as the expiration date of statute of limitations was several years before on February 14, 2005.

[9] As set forth below, this may have been a reasoned decision based on the controlling Ninth Circuit law at that time.

merits favorable to his client. He then, unexpectedly, filed a dismissal without prejudice. Had Mr. Wiseman not dismissed the mixed petition without prejudice, and the case had been stayed, then petitioner would have had a much stronger argument for the entire period to be tolled while he exhausted the claims with a stayed federal petition.[10] As a result of dismissing the petition on August 12, 2004, it was as if the petition had never been filed which prejudiced petitioner. The undersigned is not persuaded by respondent's argument that the original petition was confusing and it was difficult to discern that there was a fully exhausted claim. The opening pages of the petition contains portions of petitioner's claim to the California Supreme Court on direct appeal and a statement from petitioner that this claim violated his federal constitutional rights. This is a normal procedure for pro se petitioners and conforms with the hundreds of pro se petitions the undersigned has reviewed. Yet regardless of Mr. Wiseman's mistake or reasoned decision to dismiss the case, it is not clear why this occurred, there was still sufficient time to exhaust and file a federal petition. But, importantly, the mistake in dismissing the petition instead of following through with a stay request, while negligent, is not the type of mistake which paints the attorney's conduct with egregious malfeasance. Holland, at 2564 (equitable tolling not warranted for garden variety of excusable neglect such as simple miscalculation that leads to missing a filing deadline).

### Interval of State Court Petitions

While gap tolling was not available because of the delay between the denial of the state trial court petition and the appellate petition, Mr. Wiseman was not in the case at the time the gap interval started. Indeed, it was petitioner's apparent misadventure to file in federal court with much of the AEDPA deadline in the future instead of continuing his state exhaustion. It was not until the end of August 2004 before Mr. Wiseman left the federal court via his dismissal, and his filing in the state appellate court in September was not unduly delayed if

---

[10] Although petitioner is not entitled to an indefinite stay.

delayed at all. The undersigned does not find Mr. Wiseman deficient in filing the California Court of Appeals petition.

The state exhaustion petition was denied by the California Court of Appeal on October 7, 2004, thus approximately 130 days were left of the AEDPA time period. All that was required, even without a stayed federal petition, was a petition filed in the California Supreme Court within that time period, and once the California Supreme Court ruled, a new federal petition needed to be filed in a timely manner. Unfortunately, a petition was not filed by Mr. Wiseman in the California Supreme Court until February 28, *2007*. Under the law *as it stands today*, the interval between these petitions, approximately two years, four months would be found to be unreasonable.[11] See Evans v. Chavis, 546 U.S. 189, 201, 129 S.Ct. 846 (2006); see also Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (amending 417 F.3d 1030 (9th Cir. 2005) (petitioner not entitled to "gap" tolling for intervals between California state habeas filings of 15 months, 18 months, and 10 months, given length of delays, lack of clear statement from California legislature or courts that delays of such length were reasonable, and lack of explanation or justification for delays)); Culver v. Director of Corrections, 450 F.Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (unexplained, unjustified delays of 97 and 71 days between the denial of one state petition and the filing of the next petition constituted unreasonable delays such that the intervals cannot be tolled under Chavis).

However, the law was different in 2004 and 2005, the relevant time in the instant case. The Supreme Court case of Evans v. Chavis, 546 U.S. 189, 129 S.Ct. 846 (2006), reversed the Ninth Circuit case of Chavis v. Lemarque, 382 F.3d 921 (9th Cir. 2004). Chavis v. Lemarque, was issued by the Ninth Circuit on August 27, 2004. It was in this same time period that petitioner's California Court of Appeal petition was denied, on October 7, 2004. The Ninth Circuit held in Chavis v. Lemarque, that a petitioner was entitled to three years of interval tolling

---

[11] Nor would there be tolling for the four year period between the denial by the California Supreme Court and the filing of the instant federal petition.

between a petition to the California Court of Appeal and the California Supreme Court, as the California Supreme Court did not dismiss the petition as untimely, but rather decided it on the merits. Id., at 924-26. While there still was a risk of the state court finding a petition untimely, there was not the critical urgency to timely file state petitions that currently exists post Evans v. Chavis. At that time, other facets of habeas tolling were also in flux and quite different than the prevailing law today. Two months after Chavis v. Lemarque, the Ninth Circuit issued Gaston v. Palmer, 387 F.3d 1004 (9th Cir. 2004), superseded by Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005), which held that statutory tolling was allowed for the interval between the denial of a state petition and the filing of a new state petition at the same level of the state court system. Of course, following the Supreme Court's decision in Evans v. Chavis, the Ninth Circuit granted a petition for rehearing in Gaston and reversed their prior decision and dismissed the petition as untimely. Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006).[12] The undersigned is not attempting to defend or justify Mr. Wiseman's actions, rather the analysis for equitable tolling is fact specific and must be determined on a case by case basis which requires a detailed review of the record. While the law was clear after 2006, and does not excuse Mr. Wiseman's egregious misconduct at that time, during the relevant time when the statute of limitations was still running in 2004 and 2005, Mr. Wiseman's conduct was not so egregious to warrant equitable tolling *during the time in which a petition could have been filed in the state supreme court and then in federal court*. Furthermore, in Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011), the Ninth Circuit declined to provide equitable tolling when a petitioner argued that his habeas attorney should not have been expected to rush through California courts with habeas petitions

---

[12] On August 2, 2005, the Ninth Circuit withdrew Gaston v. Palmer, 387 F.3d 1004 (9th Cir. 2004), and denied the petition for rehearing en banc. Gaston v. Palmer, 417 F.3d 1050 (9th Cir. 2005). Several judges dissented from the denial of rehearing en banc noting that the Supreme Court had granted a writ of certiorari for Chavis v. Lemarque, the original Gaston v. Palmer was clearly afoul of Supreme Court authority and "[b]y refusing to rehear this case en banc, we forgo the opportunity to correct one of our own errors and again leave it to the Supreme Court to undertake that task for us." Gaston v. Palmer, 417 F.3d 1050, 1051 (9th Cir. 2005).

prior to Evans v. Chavis, i.e., the conduct was not egregious.

### Mr. Wiseman's Letter

During the time prior to the expiration date of the statute of limitations, petitioner sent many letters to Mr. Wiseman, was aware of the denial of his state petitions and that further petitions needed to be filed. This information was set forth in more detail above, and as previously expressed, there is no doubt that petitioner was diligent in this time period in pursuing relief. In fact, in response to one of these letters petitioner sent, Mr. Wiseman indicated that a fully exhausted federal petition was competed and would be filed shortly. Mr. Wiseman wrote this letter on January 25, 2005, and the AEDPA expiration date was February 14, 2005. Yet, there is no record of any federal petition having been prepared at this time and Mr. Wiseman did not bill for it. As Mr. Wiseman has not provided any declaration regarding this case, it appears that Mr. Wiseman was either confused or not being honest with petitioner. Moreover, even had a federal petition been prepared, the claims were not fully exhausted, so any federal petition would have been premature. Nor does it seem Mr. Wiseman was referring to the California Supreme Court petition, as that petition was not filed until February 28, 2007.[13]

With respect to the statement that a petition had been prepared, when it had not been prepared, goes more to confirming petitioner's diligence than it does to create egregious misconduct. Nevertheless, "stalling" one's client is hardly acceptable attorney practice. The undersigned has studied Doe v. Busby, 661 F.3d 1001, 1011-16 (9th Cir. 2011), quite closely in that an attorney's stall tactics were evident in that case as well, and played a part in finding equitable tolling. However, there are features in this case that are distinguishable. In Doe the attorney was retained at a cost of $20,000 over a year prior to the running of the AEDPA

---

[13] The undersigned can construct reasons for confusion. Mr. Wiseman's on again, off again mindset as to seeking a stay may have been "on," and he correctly referred to an exhausted claims only petition. But why would he do that? He had already filed an exhaustion petition in the California Court of Appeal. Or he could just have simply mischaracterized the forum where he was going to file his next petition. Or, he simply was putting the "stall" on his client as he was busy elsewhere.

limitations period. Here, Mr. Wiseman was appointed after the AEDPA limitations period had commenced running. In Doe, the attorney performed *no services for his client.* Here Mr. Wiseman timely appeared in federal court, started down the right track, but inadvertently derailed the case by dismissing it without prejudice instead of seeking a stay. Mr. Wiseman *did* actually file an exhaustion petition in the California Court of Appeal which was not denied on account of untimeliness. As previously stated, while gap tolling was not available because of the delay between the denial of the state trial court petition and the appellate petition, Mr. Wiseman was not in the case at the time the gap interval started. Indeed, it was petitioner's apparent misadventure to file in federal court with much of the AEDPA deadline in the future instead of continuing his state exhaustion. It was not until the end of August 2004 before Mr. Wiseman left the federal court via his dismissal, and his filing in the state appellate court in September was not unduly delayed if delayed at all.[14]

       To be sure, there was an approximate four month long interval of inaction between when the California appellate petition was denied and the AEDPA deadline expired in February 2005, but it is difficult to characterize inaction in that relatively short period of time as egregious. Mr. Wiseman's misleading letter alone is insufficient to warrant equitable tolling *during the time before the AEDPA limitations period expired*. While it is undeniably true that what transpired after that – years of quasi-abandonment of the client by Mr. Wiseman – is misconduct of the highest sort, truly egregious, this conduct after-the-fact did not play a causal role in not filing the state supreme court petition, or federal petition in a timely fashion.

\\\\\

---

[14] It appears as if Mr. Wiseman understood that he would represent petitioner in the state proceedings, but there is normally a great deal of confusion in this regard. Mr. Wiseman's federal appointment does not commit him to represent petitioner in state proceedings. While it is good form for a federally appointed attorney to continue with the representation, and to seek appointment in the state process, there is no requirement to do so. However, any confusion in this regard was legally dissipated when Mr. Wiseman did represent petitioner in the appellate petition proceedings by making an appearance on petitioner's behalf. He informed the California Court of Appeal in that petition (item #16) that he was representing petitioner.

Mr. Wiseman's inexcusable conduct of delaying so much in filing the California Supreme Court and federal petition, so many years after the expiration of the AEDPA deadline, cannot serve to revive the deadline and petitioner has failed to demonstrate causation between the later conduct and AEDPA expiration date. While the matter is close, and reasonable minds could differ, the undersigned cannot find "extraordinary" circumstances in the time before the limitations period expired. Therefore, it is recommended that respondent's motion to dismiss be granted.

Accordingly IT IS HEREBY RECOMMENDED that the motion to dismiss (Doc. 32) be granted and this case dismissed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 2, 2012

                          /s/ Gregory G. Hollows
                          UNITED STATES MAGISTRATE JUDGE

GGH: AB
luna0627.mtd