UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO JULIAN LUNA, | No. 2:04-cv-0627 MCE GGH P |
| Petitioner, | |
| v. | ORDER |
| SCOTT KERNAN, | |
| Respondent. | |

Petitioner, a state prisoner, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 23, 2015, the magistrate judge filed Findings and Recommendations herein (ECF No. 72) which were served on both Petitioner and Respondent and which contained notice that any objections to the Findings and Recommendations were to be filed within twenty-one days. The parties have not filed objections to the Findings and Recommendations.[1]

The Court has reviewed the file and finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis. The Court has also considered Fue v. Biter, No. 12-55307, ___ F.3d ___, 2016 WL 192000 (9th Cir. Jan. 15, 2016), a case in

---

[1] On December 30, 2015, Respondent filed a "Non-objection" stating he would not file objections to the Findings and Recommendations. ECF No. 73.

1

which the California Supreme Court did not notify a habeas petitioner that it had denied his state habeas petition until fourteen months after the denial. <u>Fue</u>, however, does not affect the finding of diligence in this case for the following reasons. Although both Petitioner and the petitioner in <u>Fue</u> did not seek to ascertain the status of their respective cases for fourteen months, Petitioner Luna had corresponded with his attorney before and after that fourteen month period, correspondence which included over thirty letters in a six-year period, and initiating his correspondence immediately on his attorney's appointment to the case. The petitioner in <u>Fue</u>, on the other hand, did not correspond with the California Supreme Court at all until writing and mailing a single letter after fourteen months had passed. Petitioner therefore meets the "steady stream of correspondence" requirement discussed in <u>Fue</u>, whereas the petitioner in <u>Fue</u> did not satisfy that standard. Moreover, Petitioner's attorney affirmatively misrepresented the status of his case (that is, that the case was active and proceeding forward), which caused Petitioner to rely on this advice to his detriment. No such misrepresentation occurred in <u>Fue</u>. Given that the Ninth Circuit in <u>Fue</u> noted cases finding diligence where prisoners waited fewer than ten months before inquiring and cases finding lack of diligence where prisoners waited sixteen months or more, this case—in which Petitioner wrote no letters for fourteen months but otherwise steadily inquired over a six-year period—is an example of why "the availability of equitable relief commends a flexible, case-by-case approach." <u>Fue</u>, 2016 WL 192000, at *2. In this instance, Petitioner exercised the requisite diligence.

   Accordingly, IT IS HEREBY ORDERED that:

   1. The Findings and Recommendations filed December 23, 2015 (ECF No. 72) are ADOPTED IN FULL;

   2. The amended petition filed June 3, 2011 (ECF No. 15) is REINSTATED as timely filed based on equitable tolling principles, and all previous orders dismissing the petition are VACATED;

///

///

///

3. Respondent is directed to file an answer to the amended petition within sixty (60) days from the date this order is electronically filed. See Rule 4, 28 U.S.C. foll. § 2254. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254; and

4. Petitioner's reply, if any, shall be filed and served within thirty (30) days after service of Respondent's answer.

Dated: February 2, 2016

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT